**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**SHABAKA SHAKUR,**

                                        **Plaintiff,**

        **vs.**                                                    **9:14-CV-00427**
                                                                   **(MAD/TWD)**

**JUSTIN THOMAS, individually and in his**
**official capacity as Deputy Superintendent of**
**Programs; CHUTTY, individually and in his**
**official capacity as Security Captain; E.**
**FAGAN, individually and in his official**
**capacity as Captain; G. STEINBERG,**
**individually and in his official capacity as**
**Correctional Officer; GIFFORD, individually**
**and in his official capacity as Correctional**
**Officer; PELC, individually and in his official**
**capacity as Correctional Officer; HEWITE,**
**individually and in his official capacity as**
**Correctional Officer; and DONNA MARTIN,**
**individually and in her official capacity as**
**Food Service Administrator,**

                                        **Defendant.**

_____

**APPEARANCES:**                                    **OF COUNSEL:**

**SHABAKA SHAKUR**
145-38 106 Avenue
Queens, New York 11435
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                    **NICOLE E. HAIMSON, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On April 16, 2014, Plaintiff Shabaka Shakur commenced this civil rights action asserting claims for the violation of his rights protected under the First, Eighth, and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), arising out of his confinement at Auburn Correctional Facility ("Auburn C.F.") from September 2012 through September 2013.  *See* Dkt. No. 1.[1]

On September 16, 2015 Plaintiff moved for leave to file an amended complaint.  *See* Dkt. No. 34.  By Decision and Order dated September 28, 2015, Magistrate Judge Dancks granted in part and denied in part Plaintiff's motion.  *See* Dkt. No. 38.  Specifically, Magistrate Judge Dancks granted the motion to amend as to the following claims: (1) violation of Plaintiff's rights under the First Amendment Free Exercise Clause by Defendants Pelc, Martin, and Thomas in denying Plaintiff an Eid ul-Adha ("Eid") religious meal on October 27, 2012; (2) violation of Plaintiff's rights under the First Amendment Free Exercise Clause by Defendant Thomas in refusing to provide Plaintiff with halal meals and sahur bags from July 29, 2013, through August 3, 2013, thereby preventing him from participating in the mandatory religious fasting during Ramadan; (3) violation of Plaintiff's rights under the First Amendment Free Exercise Clause by Defendants Hewite and Steinberg in preventing Plaintiff from participating in the religious congregational prayer during Shawwal and denying him a halal meal on August 12, 2013; (4) retaliation in violation of Plaintiff's First Amendment rights and violation of his rights under the Fourteenth Amendment Equal Protection Clause by Defendants Chutty and Gifford with regard to the September 17, 2012, urine test, cell search, planting a weapon in Plaintiff's cell, and filing a

---

[1] Plaintiff was released from the custody of the Department of Corrections and Community Supervision in June of 2015.  *See* Dkt. No. 27.

false misbehavior report against Plaintiff, resulting in his placement in the Special Housing Unit ("SHU"); (5) First Amendment retaliation claim against Defendant Steinberg with regard to the August 12, 2013, urine test and retaliatory false misbehavior report; and (6) First Amendment retaliation claim against Defendant Fagan for placing Plaintiff in administrative segregation in retaliation for filing grievances to redress violations of his rights under the First Amendment Free Exercise Clause. *See* Dkt. No. 39.

On October 13, 2015, Defendants moved to dismiss the remaining claims in Plaintiff's amended complaint. *See* Dkt. No. 41. In a June 2, 2016 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion. *See* Dkt. No. 45. Specifically, Magistrate Judge Dancks recommended that the Court deny the motion to dismiss with respect to the following claims: (1) the First Amendment Free Exercise claim against Defendants Pelc, Martin, and Thomas with respect to the denial of his Eid meal (First Cause of Action); (2) the First Amendment Free Exercise claim against Defendant Thomas with respect to the denial of Ramadan meals (Second Cause of Action); (3) the First Amendment Free Exercise claim against Defendants Hewite and Steinberg with respect to the denial of participation in religious congregation prayer during Shawwal and denial of a halal meal; (4) the First Amendment retaliation claim against Defendant Steinberg with respect to filing a false misbehavior report; (5) the First Amendment retaliation claim against Defendant Gifford with respect to planting a weapon in Plaintiff's cell and filing a false misbehavior report (Fourth Cause of Action); (6) the First Amendment retaliation claim against Defendant Chutty with respect to issuing a false misbehavior report (Fourth Cause of Action); and (7) the First Amendment retaliation claim against Defendant Fagan with respect to placing Plaintiff in administrative segregation (Fourth Cause of Action). *See id.*

On June 20, 2016, Defendants objected to Magistrate Judge Dancks' Order and Report-Recommendation insofar as it recommended denying the motion to dismiss as to Plaintiff's retaliation claim against Defendants Chutty and Gifford for allegedly planting a weapon in Plaintiff's cell and writing a false misbehavior report. *See* Dkt. No. 46. Currently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation and Defendants' objection thereto.

## II. DISCUSSION[2]

### A.    Standard of Review

When specific objections to a magistrate judge's report-recommendation and order are made, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If, however a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge,"the magistrate judge's recommendations are reviewed for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, at \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). The court will "ordinarily refuse to consider argument[s] that could have been, but [were] not, presented to the magistrate judge in the first instance." *Mosley v. Superintendent of Collins Corr. Facility*, No. 9:11-CV-1416, 2015 U.S. Dist. LEXIS 6985, at \*5 (N.D.N.Y. Jan. 22, 2015) (citations omitted). Upon review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] For a complete statement of the underlying facts in this case, the Court refers the parties to Magistrate Judge Dancks' June 2, 2016 Order and Report-Recommendation. Dkt. No. 45.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico*

*v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.    Defendants' objection**

Plaintiff claims that Defendants Chutty and Gifford violated his First Amendment right to freely exercise his religious beliefs when they retaliated against him because of his leadership position as a Muslim Shia inmate facilitator by planting a weapon in his cell during a search and filing a false misbehavior report against him.  Defendants contend that Magistrate Judge Dancks erred in her Order and Report-Recommendation when she held that Plaintiff made a plausible showing that "'maintaining a leadership position in the Muslim community as Muslim Shia inmate facilitator at Auburn was conduct protected under the First Amendment for purposes of his retaliation claim against Chutty and Gifford.'"  Dkt. No. 46 at 1 (quoting Dkt. No. 45 at 21). Defendants contend that they were unable to find any legal authority to support the proposition that "an inmate's mere employment as a Muslim Shia inmate facilitator, or any religious leader, constitutes protected conduct for a retaliation claim."  *Id.*

"To prevail on a First Amendment retaliation claim, an inmate must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech [or conduct] and the adverse action.'"  *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that "for purposes of this motion to dismiss Plaintiff has made a plausible showing that maintaining a leadership position in the Muslim community as Muslim Shia inmate facilitator at Auburn was conduct protected under the First Amendment for purposes of his retaliation claim against Chutty and Gifford."  Dkt. No. 45 at 21.  First, the Court notes that, in their motion to dismiss, Defendants do not directly address whether serving as the Muslim Shia inmate facilitator

7

could be considered protected speech or conduct in their motion to dismiss.  *See* Dkt. No. 41-1 at

14.  In his amended complaint, Plaintiff specifically alleges that he was retaliated against because

of his leadership position in the Muslim community, as well as for filing grievances to redress

continuous and repetitive violations of his rights.  *See* Dkt. No. 39 at ¶ 117.  In their motion,

Defendants do not address whether Plaintiff's position in the Muslim community could satisfy the

first element of his retaliation claim.  Instead, they simply focus on the allegation that he was

retaliated against for "'filing grievances to redress the continuous and repetitive violations of his

free exercise of religion rights.'"  Dkt. No. 41-1 at 14.  Although specific situations may warrant a

district court addressing arguments raised for the first time in objections to a magistrate judge's

report and recommendation, this is not such a situation.  *See Stock Market Recovery Consultants*

*Inc. v. Watkins*, No. 13-cv-193, 2015 WL 5771997, *3 (E.D.N.Y. Sept. 30, 2015) (discussing

situations in which a district court should exercise its discretion to consider arguments raised for

the first time in objections to a magistrate judge's report and recommendation) (citations omitted).

Plaintiff clearly and specifically alleges that he was retaliated against "because of plaintiff's

leadership position in the [M]uslim community. . . ."  Dkt. No. 39 at ¶ 117.  Defendants have

failed to raise any excuse for its failure to make this argument before Magistrate Judge Dancks

and permitting Defendants to belatedly raise this theory would thwart "'the efficiencies gained

through the Magistrates Act[.]'"  *Watkins*, 2015 WL 5771997, at *3.  As such, they cannot

properly raise this argument for the first time in their objections to the Order and Report-

Recommendation.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994)

(finding no abuse of discretion in the district court's refusal to consider supplemental evidence);

*Pan American World Airways, Inc. v. International Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d

Cir. 1990) (holding that the district court did not abuse its discretion in denying the plaintiff's

8

request to present additional testimony where the plaintiff offered no justification for not offering the testimony at the hearing before the magistrate judge).

Second, even assuming Defendants had not waived this argument, the Court nevertheless finds that Magistrate Judge Dancks correctly determined that, for purposes of the pending motion to dismiss, Plaintiff has plausibly alleged that maintaining a leadership position in the Muslim community as Muslim Shia inmate facilitator at Auburn was conduct protected under the First Amendment. In *Lowrance v. Coughlin*, 862 F. Supp. 1090 (S.D.N.Y. 1994), the plaintiff "held several leadership roles in the Muslim community while in prison, including Imam, or prayer leader." *Id.* at 1102. The plaintiff testified that, upon arriving a new facility, one of the defendant's informed the plaintiff that he was not welcome "because his institutional files demonstrated that [he] was a Muslim leader." *Id.* at 1106. The plaintiff also alleged that the guards repeatedly harassed him for "proselytizing" and counseling other Muslim prisoners. *See id.* Additionally, the plaintiff introduced evidence that the reasons for his repeated transfers between prison facilities was due to the fact that he was "'a leader in the Muslim Community and has a strong following of inmates.'" *Id.* at 1108. After a bench trial, the court found that this evidence, among other things, was sufficient to support the plaintiff's First Amendment retaliation claims. *See id.* at 1106-1120.

Similar to the situation in *Lowrance*, the Court finds that Plaintiff has plausibly alleged that his leadership position as a Muslim Shia inmate facilitator is protected speech or conduct for purposes of his retaliation claim. "Inmate Facilitators" are specifically discussed in DOCCS Directive Number 4202, Religious Programs and Practices. The directive discusses the important role the facilitators play in ensuring that all inmates can practice their particular religion and details the process by which such facilitators are selected and approved. *See Religious Programs*

9

*and Practices*, Attachment "A," at 12, *available at* http://www.doccs.ny.gov/directives/4202.pdf

(last visited September 2, 2016).  According to the directive, it is clear that inmate facilitators

actively engage with prison staff to help ensure that inmates of their faith are able to follow the

various tenets of their religion.  *See id.* at 12-13.  Considering Plaintiff's *pro se* status and the

special solicitude afforded to such litigants, the Court finds that Plaintiff has plausibly alleged that

his position as a Muslim Shia inmate facilitator is a protected activity or conduct for purposes of

this claim.  *See Dolan v. Connolly*, 794 F.3d 290, 294-95 (2d Cir. 2015) (holding that prison

officials violate the First Amendment when they retaliation against a prisoner "for filing or

voicing grievances on behalf of a prison population as a member of an inmate grievance body"

and suggesting that the First Amendment extends not just to activity by an inmate in filing his

own grievance, but also to activity that assists another inmate to file a grievance).

## C.     Remaining claims

Upon careful review of the remaining claims addressed in the Order and Report-

Recommendation, to which neither party objected, the Court finds no clear error in Magistrate

Judge Dancks' findings and adopts the Order and Report-Recommendation as the opinion of the

Court.  Accordingly, Defendants' motion to dismiss the amended complaint is granted in part and

denied in part as set forth in Magistrate Judge Dancks' June 2, 2016 Order and Report-

Recommendation.

## III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the

applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 2, 2016 Order and Report-

Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss the amended complaint (Dkt. No. 41) is

**GRANTED** in part and **DENIED** in part; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 6, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge