**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHABAKA SHAKUR,**

                              **Plaintiff,**

   vs.                                                9:14-CV-00427
                                                               (MAD/TWD)

**JUSTIN THOMAS,** *Deputy Superintendent of Programs, Auburn Correctional Facility,* **CHUTTY,** *Security Captain, Auburn Correctional Facility,* **E. FAGAN,** *Captain, Auburn Correctional Facility,* **G. STEINBERG,** *Correctional Officer, Auburn Correctional Facility,* **GIFFORD,** *Correctional Officer, Auburn Correctional Facility,* **PELC,** *Correctional Officer, Auburn Correctional Facility,* **HEWITE,** *Correctional Officer, Auburn Correctional Facility, and* **DONNA MARTIN,** *Food Service Administrator, Auburn Correctional Facility,*

                              **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**SHABAKA SHAKUR**
190-19 118th Ave.
St. Albans, New York 11412
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **NICOLE E. HAIMSON, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 16, 2014, Plaintiff Shabaka Shakur ("Plaintiff") commenced this civil rights action pursuant to 42 U.S.C. § 1983 asserting claims for the violation of his rights protected under the First, Eighth, and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), arising out of his confinement at Auburn Correctional Facility ("Auburn") from September 2012 through September 2013. *See* Dkt. No. 1.[1] On September 16, 2015, Plaintiff moved for leave to file an amended complaint. *See* Dkt. No. 34. By Decision and Order dated September 28, 2015, Magistrate Judge Thérèse Wiley Dancks granted in part and denied in part Plaintiff's motion. *See* Dkt. No. 38.

Defendants then moved to dismiss the remaining claims in Plaintiff's Amended Complaint, and on September 6, 2016, the Court adopted, in its entirely, Magistrate Judge Dancks' June 2, 2016, Order and Report-Recommendation in which it was recommended that Defendants' motion to dismiss be granted in part and denied in part. *See* Dkt. No. 47. Specifically, the Court denied the motion to dismiss with respect to the following claims: (1) the First Amendment Free Exercise claim against Defendants Pelc, Martin, and Thomas with respect to the denial of his Eid meal; (2) the First Amendment Free Exercise claim against Defendant Thomas with respect to the denial of Ramadan meals; (3) the First Amendment Free Exercise claim against Defendants Hewite and Steinberg with respect to the denial of participation in religious congregation prayer during Shawwal and denial of a halal meal; (4) the First Amendment retaliation claim against Defendant Steinberg with respect to filing a false misbehavior report; (5) the First Amendment retaliation claim against Defendant Gifford with respect to planting a weapon in Plaintiff's cell and filing a false misbehavior report; (6) the First

---

[1] Plaintiff was released from the custody of the Department of Corrections and Community Supervision in June of 2015. *See* Dkt. No. 27.

Amendment retaliation claim against Defendant Chutty with respect to issuing a false misbehavior report; and (7) the First Amendment retaliation claim against Defendant Fagan with respect to placing Plaintiff in administrative segregation (Fourth Cause of Action). *See id.*

On September 8, 2017, Defendants Thomas, Martin, Pelc, Hewite, Steinberg, Gifford, Chuttey, and Fagan moved for summary judgment. *See* Dkt. No. 58. In a May 25, 2018, Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion for summary judgment. *See* Dkt. No. 65. Specifically, Magistrate Judge Dancks recommended granting summary judgment as to the following Plaintiff's claims: (1) First Amendment Free Exercise Clause claim against Defendants Martin and Thomas with respect to the denial of his Eid meal on October 27, 2012, during Eid ul-Adha; (2) First Amendment Free Exercise Clause claim against Defendant Thomas with regard to Plaintiff not receiving Sahoor bags and hot Halal meals during Ramadan while the facility was on lockdown; (3) First Amendment Free Exercise Clause claim against Defendants Hewite and Steinberg with regard to Plaintiff's claim that they prevented him from engaging in communal prayer during Shawwal on August 12, 2013; (4) First Amendment retaliation claims against Defendants Chuttey and Gifford with regard to the September 12, 2012, cell search, planting of a weapon, and issuance of a false inmate misbehavior report; (5) First Amendment retaliation claim against Defendant Steinberg with regard to the filing of a false inmate misbehavior report regarding Plaintiff's failure to urinate for a urinalysis on August 12, 2013; and (6) First Amendment retaliation claim against Fagan with regard to the recommendation that Plaintiff be placed in administrative segregation on August 13, 2013. *See id.* at 44. Further, Magistrate Judge Dancks recommended denying summary judgment as to Plaintiff's following claims: (1) First Amendment Free Exercise Clause claim against Defendant Pelc regarding the failure to provide

3

him with an Eid meal on October 27, 2012; and (2) First Amendment Free Exercise claim against Defendants Hewite and Steinberg for failing to ensure that Plaintiff was provided a Halal meal on Shawwal on August 12, 2016. *See id.* at 44-45. The time to file objections to Magistrate Judge Dancks' Order and Report-Recommendation has expired, and no objections were made by either of the parties.

Currently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 65). For the reasons stated below, the Court adopts Magistrate Judge Dancks' Order and Report-Recommendation in its entirety.

## II. DISCUSSION[2]

**A.     Summary Judgment Standard**

A court may grant a motion for summary judgment only if "the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable factual inferences in favor of the nonmoving party. *See id.* at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the nonmovant either does not respond to the motion or fails to dispute the movant's statement of

---

[2] For a complete statement of the underlying facts in this case, the Court refers the parties to Magistrate Judge Dancks' May 25, 2018 Order and Report-Recommendation (Dkt. No. 65).

material facts, the court may not rely solely on the moving party's statement of material facts; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003).

Moreover, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "This liberal standard, however, does not excuse a *pro se* litigant from following the procedural formalities of summary judgment." *Id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, at *1 (S.D.N.Y. May 16, 2001)).

When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided the parties adequate notice that they were required to file any objections to the Order and Report-Recommendation, and informed them that failure to object to any portion of the report would preclude their right to appellate review. *See* Dkt. No. 65 at 45. Specifically, Magistrate Judge Dancks informed the parties that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servsices*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72." *See id.* Therefore, Magistrate Judge Dancks clearly provided the parties with sufficient notice of the consequences of failing to object to the Order and Report-Recommendation. Nevertheless, no objections were filed by either of the parties.

**B.     First Amendment Free Exercise claim against Defendants Thomas, Martin, and Pecl with respect to the denial of Plaintiff's Eid meal on October 27, 2012**

1. Thomas and Martin

As Magistrate Judge Dancks correctly found, Defendants Thomas and Martin were not personally involved with Plaintiff's claim that he was not provided with an Eid meal on October 27, 2012, during Eid ul-Adha. *See* Dkt. No. 65 at 21-24. Under a § 1983 claim, personal involvement may be established by showing that:

> (1) the defendant directly participated in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuation of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

First, Defendants Thomas and Martin did not directly participate in the alleged constitutional violation. *See* Dkt. No. 58-2 at 4-6. Thomas, as Deputy Superintendent of Programs, "was never involved in the preparation or distribution of meals at Auburn." Dkt. No. 58-4 at ¶ 11. Martin, as Food Service Administrator, was responsible for preparing the meals, but she was not personally involved in the distribution of meals to the SHU.[3] *See* Dkt. No. 58-10. In addition, there was nothing that Defendants Thomas and Martin could have done to remedy the wrong because they learned about the alleged incident days after the conclusion of the holiday. *See* Dkt. Nos. 58-4 at ¶¶ 16-18, 58-10 at ¶ 19. Further, there is no evidence that Defendants Thomas and Martin created a policy or custom to deny religious meals to inmates, acted with

---

[3] The record shows that the kitchen staff prepared all Eid meals on October 27, 2012, and sent it to the first floor of the building where the SHU is located. *See* Dkt. No. 58-10. Ordinarily, when meals arrive at the first floor of the building, a facility officer puts them in the elevator for delivery to the SHU; then, the meals are distributed by the officer on duty in the SHU. *See id.*

7

gross negligence, or showed indifference to Plaintiff's First Amendment rights. *See* Dkt. No. 65 at 24.

Based on the foregoing, the Court grants summary judgment on this ground.

2.  Pelc

As Magistrate Judge Dancks correctly found, Defendant Pelc's qualified immunity defense is not enough to warrant summary judgment against Plaintiff's First Amendment Free Exercise claim because "[q]ualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995); *See* Dkt. No. 65 at 26. The Second Circuit has specifically "found that to deny prison inmates the provision of food that satisfies the dictates of their faith does unconstitutionally burden their free exercise rights." *McEachin v. McGuinnis*, 357 F. 3d 197, 203 (2d Cir. 2004).

Consistently, the Court finds that Plaintiff showed that the "disputed conduct substantially burden[ed] his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006); *see* Dkt. No. 65 at 25-27. Defendant Pelc failed to show that there was a legitimate penological interest that would warrant impinging upon Plaintiff's Free Exercise rights. *See Salahuddin*, 467 F.3d at 275 (holding that after the plaintiff showed a substantial burden on his sincerely held religious beliefs, "[t]he defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct").

Finally, Plaintiff makes a series of factual allegations against Pelc including that, in the morning of October 27, 2012, Plaintiff reminded Pelc that he was supposed to receive a special Eid meal at lunch time; Pelc refused to call the kitchen to confirm Plaintiff's Eid meal; Pelc was in

charge of feeding the inmates this day and took no step to procure Plaintiff's Eid meal. *See* Dkt. No. 39 at ¶¶ 41-42; Dkt. No. 58-7 at 23-26. Pelc concedes that he has no recollection of Plaintiff nor any tasks performed on the day of the incident. *See* Dkt. No. 58-13 at ¶¶ 17, 21, 22. This creates a genuine issue of material fact in which cannot be appropriately resolved by summary judgment. *See Chambers*, 43 F.3d at 36-37.

Based on the foregoing, the Court denies that Pecl summary judgment on this qualified immunity grounds.[4]

**C.    First Amendment Free Exercise claim against Defendant Thomas with respect to the denial of Sahoor bags and hot Halal meals during the lockdown that occurred during Ramadan in 2013**

Magistrate Judge Dancks correctly found that, although the denial of Ramadan meals has substantially burdened Plaintiff's sincerely held religious beliefs, Defendant Thomas' conduct was reasonably related to a legitimate penological interest. *See* Dkt. No. 65 at 29-35. To make this determination, it is essential for courts to determine "whether the challenged regulation or official action has a valid, rational connection to a legitimate governmental objective," and to factor "whether prisoners have alternative means of exercising the burdened right; the impact on guards, inmates, and prison resources of accommodating the right; and the existence of alternative means of facilitating exercise of the right that have only a de minimis adverse effect on valid penological interests." *Salahuddin*, 467 F.3d at 274.

In the present matter, there is undisputed evidence that from June 22, 2013, to July 29, 2013, period preceding the lockdown, there was a significant increase on the number of assaults on staff and inmates, weapon recoveries, uses of force, visits, packages, and inmates food stocking. *See* Dkt. No. 58-4 at ¶¶ 29-30. These events reasonably raised the concern for the

---

[4] The qualified immunity defense will remain available to Pelc at trial "where it must be evaluated in light of the character and quality of the evidence received in court." *Ortiz v. Jordan*, 562 U.S. 180, 184 (2011).

presence of contraband and threat to the safety of the facility, staff, visitors and inmates. *See id.* at ¶ 23. Therefore, the Court finds that the lockdown had a valid, rational connection to a legitimate governmental objective since it was necessary to prevent and discover the presence of contraband and enhance prison security.

In addition, the kitchen operated with a minimal number of staff and inmates during the lockdown, which impaired their ability to prepare and deliver special meals to all Muslim inmates. *See* Dkt. No. 64-1 at ¶¶ 18-26. Instead, all inmates received a bagged meal containing generally non-perishable food, which was reported by Chaplain Muhsen to be a "perfectly acceptable meal to eat pre-dawn before daily fast begins or to break fast in the evening." Dkt. No. 58-14 at ¶ 20; *see* Dkt. No. 64-1 at ¶¶ 12-14. Further, the lockdown lasted only for five days during the Ramadan in 2013, which began on July 8th, 2013, and ended on August 8th, 2013. *See* Dkt. No. 58-1 at ¶¶ 66, 85. Finally, Plaintiff did meet his burden to show that the lockdown was irrational. *See* Dkt. No. 65 at 32-33; *see also Salahuddin*, 467 F.3d at 274 (stating that "the burden remains with the prisoner to show that [the legitimate penological interest and] articulated concerns were irrational").

Based on the foregoing, the Court grants summary judgment on this ground.

**D. First Amendment Free Exercise claim against Defendants Hewite and Steinberg regarding the denial to engage in congregate prayer and failure to ensure that Plaintiff received a Halal meal on August 12, 2013, during Shawwal**

1. Congregate Prayer

As Magistrate Judge Dancks correctly found, Defendants Hewite and Steinberg were not personally involved in preventing Plaintiff from engaging in congregate prayer because Defendants were only following Sargent Rogofsky's order to collect Plaintiff's urine sample, and Plaintiff was taken to the clinic by an escort officer but not by Defedants Hewite and Steinberg.

*See* Dkt. No. 65 at 35-36; Dkt. No. 58-1 at ¶¶ 113-14; Dkt. No. 61 at ¶¶ 113-14. Therefore, the Court grants summary judgment on this ground.

    2.    <u>Halal Meal</u>

The Court has already concluded that Plaintiff has established his sincerely held religious beliefs, and that the denial of religious meals substantially burden an inmate's free exercise rights. *See McEachin*, 357 F. 3d at 203; *see also Ford v. McGinnis*, 352 F.3d 582, 593-94. Defendants have not argued or established a legitimate penological interest in not making arraignments for Plaintiff's Halal meal to be delivered to his cell on August 12, 2013. *See* Dkt. No. 58-2 at 20-21. Further, Superintendent Graham, in deciding Plaintiff's administrative grievance on that matter, issued a decision that Defendants should have made arraignments for Plaintiff's religious meal to be delivered to his cell on that day. *See* Dkt. No. 1-1 at 52. However, Defendants contend that Plaintiff has never asked them to make any arraignments regarding the delivery of his Halal meal. *See* Dkt. No. 58-2 at 20. Therefore, Magistrate Judge Dancks correctly found that there are material questions of fact to be tried as to whether Plaintiff asked either of Defendants to have the kitchen delivered his Halal meal to the cell. *See* Dkt. No. 65 at 38; *see also Chambers*, 43 F.3d at 36-37.

Based on the foregoing, the Court denies Defendants Hewite and Steinberg summary judgment motion with respect the failure to provide Plaintiff with a Halal Meal on August 12, 2013, during Shawwal.

**E.    First Amendment retaliation claims against Defendants Chuttey, Gifford, Steinberg, and Fagan**

As Magistrate Judge Dancks correctly found, Plaintiff has failed to exhaust administrative remedies regarding First Amendment retaliation claims against Defendants Chuttey, Gifford, Steinberg, and Fagan. *See* Dkt. No. 65 at 38-44. Under the Prison Litigation Reform Act of 1995

11

("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendants have submitted evidence that Auburn had a fully functioning inmate grievance system, and that Plaintiff has not filed any grievances against any of the Defendants alleging retaliation. *See* Dkt. No. 58-22 at ¶¶ 10-16; Dkt. No. 58-20 at ¶¶ 10-21. In addition, Plaintiff admitted that Auburn had a fully functioning inmate grievance system, and did not come forward with evidence that shows that he has filed any administrative grievance regarding these claims. *See* Dkt. No. 58-1 at ¶ 174; Dkt. No. 61 at ¶ 174. Therefore, Defendants met their burden to prove that Plaintiff has failed to exhaust administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding "that failure to exhaust [administrative remedies] is an affirmative defense under the PLRA").

Based on the foregoing, the Court grants summary judgment on this ground.

## III. CONCLUSION

Upon review of the Order and Report-Recommendation, and considering that the parties have not objected to any of Magistrate Judge Dancks' thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Dancks' recommendations and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 65) and is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 58) is **GRANTED in**

**part**, and **DENIED in part**;[5] and the Court further

**ORDERS** that Defendants Justin Thomas, Chutty, E. Fagan, Gifford, and Donna Martin be terminated as parties to this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[5] Defendants' motion for summary judgment is granted as to Plaintiff's claims: (1) the First Amendment Free Exercise claim against Defendants Thomas and Martin with respect to the denial of his Eid meal; (2) the First Amendment Free Exercise claim against Defendant Thomas with respect to the denial of Ramadan meals; (3) the First Amendment Free Exercise claim against Defendants Hewite and Steinberg with respect to the denial of participation in religious congregation prayer during Shawwal; (4) the First Amendment retaliation claim against Defendant Steinberg with respect to filing a false misbehavior report; (5) the First Amendment retaliation claim against Defendant Gifford with respect to planting a weapon in Plaintiff's cell and filing a false misbehavior report; (6) the First Amendment retaliation claim against Defendant Chutty with respect to issuing a false misbehavior report; and (7) the First Amendment retaliation claim against Defendant Fagan with respect to placing Plaintiff in administrative segregation. Further, Defendants' motion for summary judgment is denied as to Plaintiff's (1) First Amendment Free Exercise Clause claim against Defendant Pelc regarding the failure to provide him with an Eid meal on October 27, 2012; and (2) First Amendment Free Exercise claim against Defendants Hewite and Steinberg for failing to ensure that Plaintiff was provided a Halal meal on Shawwal on August 12, 2016.